**KENYA MUSIC, INC., Plaintiff,**

v.

**WARNER BROS., INC. and Warner Bros. Distributing Corp., Defendants.**

**No. 74 Civ. 2880.**

United States District Court, S. D. New York.

April 7, 1975.

Beldock Levine & Hoffman, New York City, for plaintiff.

Coudert Brothers, New York City, for defendants.

### MEMORANDUM

STEWART, District Judge:

Plaintiff has moved pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike as insufficient the first, third and fourth affirmative defenses to the complaint asserted by defendants in their answer. The motion insofar as it

---

seeks to strike the fourth complete defense is granted. The remainder of the motion is denied in all respects.

Defendants assert as a fourth complete defense that: "plaintiff's failure to comply with the provisions of title 17 U.S.C. § 30 constitutes a bar to the maintenance of the instant litigation and said copyright allegedly infringed is void as against these defendants."[1] We find this defense to be insufficient as a matter of law.

Section 30 provides protection to a subsequent copyright "purchaser" from a holder of a prior unrecorded assignment. Plaintiff asserts that defendants are not entitled to Section 30 protection since they are copyright infringers and not subsequent purchasers within the meaning of Section 30. Machaty v. Astra Pictures, Inc., 197 F.2d 138 (2d Cir. 1952). Defendants, however, claiming the status of a copyright licensee, argue that the word "purchaser" in Section 30 should be construed to include such a licensee. *Cf.* Goodis v. United Artists Television, Inc., 425 F.2d 397 (2d Cir. 1970). If this problem were the only one involved here, we might agree with defendants' arguments for such an expanded construction of the statute. There is another problem of construction, however, which we find bars Section 30 as a defense in this case.

■■ Section 30 provides protection to a subsequent purchaser only when three conditions are met. Such a purchaser must give valuable consideration, must not have notice of the prior assignment and must "duly" record the assignment. While plaintiff, the copyright assignee, did not meet the requisite three month recordation rule,[2] it is undisputed here that defendants have never recorded their purported assignment. Thus, the third requirement of a duly recorded assignment has not been met in this case. Nevertheless, defendants argue that "duly" should be construed either to allow them not to record at all or to record even now. We are unable to make such a construction of the statutory language. First, there is no possible way to ignore entirely the requirement that the subsequent purchaser duly record a copyright assignment.[3] The only remaining question is whether "duly recorded" means recorded within the same three month time period given to the prior assignee or means only within a reasonable time under the facts and circumstances of an individual case. We think the Congressional "policy of encouraging prompt recordation by penalizing a tardy prior assignee"[4] extends to the "duly recorded" language of Section 30 and requires that the same three month time constraint be placed upon the subsequent purchaser,[5] so that subsequent purchasers who do not promptly record will be similarly penalized.

■ Therefore, as a matter of law, Section 30 is an insufficient defense in the present case where defendants have not duly recorded their alleged copyright assignment. Plaintiff's motion to strike the fourth defense is granted.

*So ordered.*

1. 17 U.S.C. § 30 provides in pertinent part: Every assignment of copyright shall be recorded in the copyright office within three calendar months after its execution in the United States . . . in default of which it shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, whose assignment has been duly recorded. July 30, 1947, c. 391, § 1, 61 Stat. 652.

2. Plaintiff was assigned the copyright in question here on October 15, 1973 but failed to record this assignment until July 8, 1974 (Hoffman Aff., p. 2).

3. The earlier law from which Section 30 is derived, R.S. § 4955 Act of July 8, 1870, c. 230 § 89, 16 Stat. 213, did not require the subsequent purchaser to record. Such a change would appear to reflect a deliberate policy decision by Congress, although there is no legislative history regarding the change.

4. Nimmer, Law of Copyright ¶ 123.14 at 534 (Vol. II 1974).

5. *Compare* Nimmer Law of Copyright ¶ 123.14 *with* Latman, The Recordation of Copyright Assignments and Licenses, Copyright Law Revision Report of Register of Copyrights and Studies, Study No. 19 (July 1961).